1  MAGGY ATHANASIOUS, Bar No. 252137
   mathanasious@littler.com
2  JAMES A. BECERRA, Bar No. 308459
   jbecerra@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone: 310.553.0308
   Facsimile:  310.553.5583
6
7  Attorneys for Defendant
   AMAZON.COM SERVICES, INC.
8
9  UNITED STATES DISTRICT COURT
10 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SPOTTS,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC. and DOES 1-50, inclusive,<br><br>Defendants. | ASSIGNED FOR ALL PURPOSES TO JUDGE<br><br>Case No.   5:20-cv-1467<br><br>**DEFENDANT AMAZON.COM SERVICES, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed (County of Riverside Superior Court):  June 5, 2020 |

NOTICE TO FEDERAL COURT
OF REMOVAL                    1.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant AMAZON.COM SERVICES, INC. ("Defendant" or "Amazon") hereby removes the above-captioned action from the Superior Court for the State of California, County of Riverside to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1445. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

## VENUE

2. This action was filed in the Superior Court for the State of California, Riverside County. Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(1), 1391(a) and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3. On June 5, 2020, Plaintiff MICHAEL SPOTTS ("Plaintiff") filed an unverified Complaint for Damages in the Superior Court for the State of California, Riverside County, captioned: *MICHAEL SPOTTS v. AMAZON.COM SERVICES, INC. and DOES 1 through 50, inclusive*, Case Number RIC 2001511 (hereinafter the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

2.

1  "Complaint"). Declaration of James A. Becerra in Support of Defendant's Notice to
2  Federal Court of Removal of Civil Action From State Court ("Becerra Decl."), ¶ 2 at
3  **Exhibit A**.

4.  Plaintiff's Complaint asserts five purported causes of action for: (1) disability discrimination in violation of Government Code section 12940, *et seq.* ("FEHA"); (2) failure to prevent discrimination in violation of the FEHA; (3) violations of and retaliation under the California Family Rights Act, Government Code section 12945.2 ("CFRA"); (4) failure to reasonably accommodate a disability in violation of the FEHA; and (5) wrongful termination in violation of public policy. *See* Compl., ¶¶ 9-50. Plaintiff's prayer for relief includes prayers for:

   a. General damages;
   b. Special damages;
   c. Attorneys' fees and costs of suit;
   d. Prejudgment interest; and
   e. Punitive and exemplary damages.

*See* Compl., Prayer for Relief, ¶¶ 1-6.

5.  On June 5, 2020, along with the Complaint (Exhibit A), Plaintiff filed a Civil Case Cover Sheet and Certificate of Counsel with the clerk of the Riverside Superior Court. Becerra Decl., ¶ 3, at **Exhibits B and C.**

6.  On June 5, 2020, the Clerk of the Court issued a Summons and entered a Minute Order reflecting Plaintiff's filing fee. Becerra Decl., ¶ 4, at **Exhibits D and E**.

7.  On June 5, 2020, the Clerk of the Court issued a Notice of Department Assignment and Notice of Case Management Conference. Becerra Decl., ¶ 5, at **Exhibit F.**

8.  On June 22, 2020, Plaintiff personally served Defendant with the Summons and Complaint. Becerra Decl., ¶ 2, at **Exhibit A;** ¶ 4, at **Exhibit D**; ¶ 6.

9.  On June 30, 2020, Plaintiff filed a proof of service with the Superior Court. Becerra Decl., ¶ 7, at **Exhibit G**.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

3.

10. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court for the State of California, Riverside County or served by any party other than as described above. Becerra Decl., ¶ 8. The Attachment of Exhibits "A" through "G" satisfies the requirements of 28 U.S.C. section 1446(a). *See* Becerra Decl., ¶¶ 1 - 7.

### INDIVIDUAL & DOE DEFENDANTS

11. No individual defendants are named in this action. Defendant is informed and believes that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in notice of removal).

### TIMELINESS OF REMOVAL

12. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). On June 23, 2020, the Complaint and Summons were served on Defendant. Becerra Decl., ¶ 6. Because Defendant filed this Notice of Removal within 30 days of service of the summons and complaint, this Notice of Removal is timely as a matter of law.

### DIVERSITY JURISDICTION

13. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

14. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 USC § 1441(a). Any case that could

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

4.

have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

15. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

**A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

**Plaintiff Is A Citizen Of The State Of California.**

16. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California. Plaintiff alleges that he was at all relevant times a resident of the state of California. Compl., ¶ 3; *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency creates a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

5.

"created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Thus, Plaintiff, by his own admission, is a citizen of the State of California.

## DefendantsIs Not A Citizen Of The State Of California.

18. For purposes of Section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Id.* at 80.

19. Defendant Amazon.Com Services, Inc. is not a state official or other governmental entity. Declaration of Zane Brown in Support of Defendant's Notice of Removal to Federal Court ("Brown Decl."), ¶ 2.

20. Defendant Amazon.Com Services, Inc. was at the time of filing this action, and remains, a company incorporated under the laws of the State of Delaware. *Id.* at ¶ 3. Defendant Amazon.Com Services, Inc.'s principal place of business is Seattle, Washington. *Id*. Key executives of Amazon.Com Services, Inc., including all of its directors and most of its officers, are based out of its Seattle, Washington corporate headquarters. *Id*. Seattle, Washington is also where Defendant Amazon.Com Services, Inc.'s centralized administrative functions and operations are based, and it is the actual center of direction, control and coordination for its operations. *Id*. Under the applicable standard, Amazon.Com Services, Inc.'s principal place of business is indisputably located in Seattle, Washington. Therefore, its citizenship is Washington and Delaware.

21. Defendants Does 1 through 50 are fictitious. The Complaint does not set

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

6.

forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

22. Based on the foregoing, diversity is established between Plaintiff and Defendant because Plaintiff and all Defendants are citizens of different states.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

23. Defendant need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553. Defendant need to only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted).).

24. Plaintiff's Complaint does not specify the amount that he seeks to recover from Defendant in this action. Plaintiff's Complaint seeks damages for general and

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT
OF REMOVAL

7.

special damages, punitive damages, attorneys' fees and costs of suit. *See* Complaint, ¶¶ 13-16; Prayer for Relief, ¶¶ 1-6. Plaintiff filed this lawsuit as an unlimited civil case. Civil Case Cover Sheet, Becerra Decl., ¶ 3, Ex. B Therefore, at a minimum Plaintiff admits the damages sought exceed $25,000, the minimal jurisdictional amount required to file an unlimited civil case. Cal. Civ. Proc. § 85.

25. Although Defendant denies that it should be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

26. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages it not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

27. Defendant denies the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiff far exceeds the sum of $75,000.

**Lost Earnings.**

28. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendant's conduct he has "suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses." Complaint, ¶ 14.

29. Amazon hired Plaintiff on or about March 31, 2018. Declaration of Brian Hardin in Support of Defendant's Notice of Removal ("Hardin Decl."), ¶ 3. At the time of Plaintiff's separation of employment on or about May 15, 2019, Plaintiff earned an

hourly rate of $15.00 per hour working as a Fulfillment Associate. *Id.* Between Plaintiff's date of hire and his last shift worked, April 2, 2019 (approximately 52.43 weeks), he worked approximately 32 hours per week on average. *Id.*

30. If Plaintiff were to continue working approximately 32 hours per week, at $15.00, from April 3, 2019 to the date of this Notice, July 23, 2020, (approximately 68.14 weeks), Plaintiff's earnings would total approximately $32,810.65 (32 hours X 68.14 weeks X $15.00 per hour). If trial occurs one year from the date of the instant Notice, Plaintiff's lost regular earnings would amount to about $57,917.33 (32 hours X 120.29 weeks X $15.00 per hour). *Stainbrook v. Target Corporation*, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (approving the use of a hypothetical trial date 1 year after removal).

31. These amounts are exclusive of health and welfare benefits, additional premium hours worked, and without quantifying Plaintiff's alleged loss of future employment and/or promotional opportunities, including raises. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in determining the amount in controversy); *see also Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, at *2-3 (C.D. Cal. Feb. 14, 2020) ("[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction."); *see also Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years).

**General Damages**

32. The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint.");

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

9.

*Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (holding same).

33. Here, Plaintiff alleges that, as a result of Defendant's alleged unlawful conduct, he has suffered severe emotional distress. Complaint ¶ 13. Though Defendant disputes that Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages clearly demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"). Assuming Plaintiff were to recover emotional distress damages in an amount equal to his alleged compensatory damages, Plaintiff would recover at least $32,810.65, the approximate equivalent of Plaintiff's alleged economic damages through the date of this Notice.

34. In particular, Plaintiff alleges Defendant refused to accommodate and provide a leave of absence so that Plaintiff could participate in a two week treatment plan for drug addiction, and instead, terminated his employment. Complaint, ¶ 6.

35. Based on Plaintiff's allegations of mental anguish due to the alleged discrimination, failure to accommodate and retaliation, among other claims, it can be reasonably ascertained that the amount in controversy on Plaintiff's claim for emotional distress damages is conservatively $32,810.65.

**Punitive Damages**

36. Plaintiff also seeks an award of punitive damages due to the alleged "deliberate, cold, callous, malicious, oppressive, and intentional" conduct committed by Defendant. *See* Complaint, ¶ 16. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

10.

based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Moreover, punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963).

37. In *State Farm v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that a single-digit ratio (*i.e.*, no more than nine-to-one) was appropriate when issuing an award of punitive damages. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on one of his claims and establish an award under Civil Code section 3294, the punitive damages alone could exceed the jurisdictional minimum. Assuming Plaintiff were to recover punitive damages in an amount equal to his alleged compensatory damages though the date of this Notice, Plaintiff would recover at least $32,810.65.

38. Thus, based on the combined total of Plaintiff's lost wages through the date of this Notice, emotional distress damages and potential punitive damages alone, it can be reasonably ascertained that the amount in controversy is in excess of $75,000.

**Attorneys' Fees**

39. Plaintiff also seeks attorneys' fees. Compl., ¶ 15; Prayer for Relief, ¶ 5. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479. F.3d 997, 1000 (9th Cir. 2007); *Kroske v. US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

40. Plaintiff's Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code

2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

11.

§12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

41. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted). In fact, the attorneys' fees alone through trial of any claim would likely exceed $200,000 and could be many times that amount. *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (2d Cir. 1986) (upholding award for attorney's fees in the amount of $550,000).

42. Plaintiff alleges communications between himself, Amazon, and his medical providers, relating to his request for a leave of absence to participate in a two week treatment plan for his drug addiction disability. Complaint, ¶¶ 6-7, 12. Compl., ¶¶ 12-24. Through trial, the complexity of these factual and legal issues (including accommodation, leave of absence, and disability), can result in significant litigation costs. For example, discovery may be required to assess and determine the extent of Plaintiff's alleged disability, as well as the reasons why his request for a leave of absence was allegedly denied. Thus, Plaintiff's attorneys' fees add, at the least, $30,000 to the amount in controversy, and in some cases, over $500,000.

**Other Relief**

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL

12.

43. Plaintiff's Complaint also seeks "such other and further relief that the court considers proper." Compl., Prayer for Relief, ¶ 6. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000).

44. Therefore, based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and cost. Specifically, based on the aforementioned conservative figures, Defendant estimates the amount in controversy to be at least $153,538.62 ($57,917.33 economic damages + $32,810.65 emotional distress + $32,810.65 punitive damages + $30,000 attorneys' fees). *Perez v. Hermetic Seal Corporation*, 2016 WL 5477990, at *3-5 (C.D. Cal. Sept., 27, 2016) (when plaintiff was terminated in connection with a request to extend his leave of absence, $20,752.05 in alleged economic damages, when coupled with potential emotional distress, punitive damages, and attorneys' fees, exceeded jurisdictional minimum; *Avila v. P and L Development, LLC*, 2018 WL 1870422, at *3-5 (C.D. Cal. April 18, 2018) (potential back pay of $44,000 and existence of right to attorneys' fees, alone, exceeded jurisdictional minimum for a matter in which the plaintiff alleged he was terminated while on a leave of absence).

45. Because it is facially apparent from the Complaint and as set forth above, Defendant has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

## NOTICE TO PLAINTIFF AND STATE COURT

46. Following the filing of this Notice of Removal in the United States District Court for the Central District of California, Eastern Division, Defendant will

NOTICE TO FEDERAL COURT OF REMOVAL

13.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the Riverside County Superior Court. Becerra Decl., ¶ 9.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Riverside County Superior Court to this honorable District Court.

Dated:   July 23, 2020                           Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ James A. Becerra
　　　　　　　　　　　　　　　　　　　　　　MAGGY ATHANASIOUS
　　　　　　　　　　　　　　　　　　　　　　JAMES A. BECERRA
　　　　　　　　　　　　　　　　　　　　　　LITTLER MENDELSON, P.C.
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　AMAZON.COM SERVICES, INC.

4848-7678-3043.1 090069.1317

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

NOTICE TO FEDERAL COURT OF REMOVAL      14.